UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| REGINALD LaCOUR | * | CIVIL ACTION NO. 11-1309<br>Section P |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| BILLY TIGNER, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss filed by defendants Billy Tigner, Betty Pullig, and John Thomas. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Based on the evidence in the record and pursuant to the discussion herein, it is recommended that the motion to dismiss [Doc. # 23] be GRANTED, and that Plaintiff's claim be DISMISSED, with prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

On July 14, 2011, pro se plaintiff Reginald LaCour filed the instant civil rights action against defendants Billy Tigner, Betty Pullig, and John Thomas. Doc. # 1. In his complaint, Plaintiff claims his right to exercise his Wiccan religion has been violated by the defendants during his incarceration at the Jackson Parish Correctional Center ("JPCC"). He argues that he has repeatedly requested certain religious items related to Wicca, but that the defendants have refused to provide him with any of these items. Plaintiff seeks religious objects, literature, books, bibles of Wicca, and to "make the JPCC aware of the [F]irst [A]mendment and [the

Religious Freedom Restoration Act] and [the Religious Land Use and Institutionalized Persons Act]." *Id.* § 5.

On February 17, 2012, the defendants filed a motion to dismiss, claiming that Plaintiff's petition is now moot, as he has been transferred from the JPCC and is no longer in the defendants' custody. Doc. # 23. Plaintiff has not filed an opposition to the motion.

## LAW AND ANALYSIS

I. **Mootness**

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id.* A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Randall D. Wolcott, M.D., P.A. v. Sebellius*, 635 F.3d 757, (5th Cir. 2011) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

Mootness is a threshold jurisdictional inquiry. *Louisiana Environmental Action Network v. United States Environmental Protection Agency*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted). The court lacks jurisdiction when the plaintiff fails to satisfy Article III's "case or controversy" requirement. *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006). If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then

the matter becomes moot and a case or controversy no longer exists. *See LEAN*, *supra*; *Piggly Wiggly Clarksville*, *Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility. *Smith v. City of Tupelo, Mississippi*, 281 F. App'x 279 (5th Cir. June 2, 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)).

Here, the undisputed evidence before the court uniformly establishes that Plaintiff no longer resides in respondents' custody. Plaintiff filed a change of address notice with the court on October 18, 2011, showing that he had been transferred to the Tensas Parish Detention Center in Waterproof, Louisiana. Doc. # 10. Furthermore, the Louisiana Department of Corrections' Automated Victim Notification System indicates he is now incarcerated at the Rapides Detention Center 3 in Alexandria, Louisiana.[1] Because the only relief sought by Plaintiff was injunctive or declaratory relief, the undersigned concludes that Plaintiff's complaint does not present a justiciable case or controversy; therefore, the court lacks subject matter jurisdiction. In the absence of subject matter jurisdiction, dismissal is required. Fed. R. Civ. P. 12(b)(1). Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss [Doc. # 23] filed on behalf of the defendants be **GRANTED**, and that Plaintiff's claim be **DISMISSED**, with prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

---

[1] *See* Louisiana Automated Victim Notification System, https://www.vinelink.com/vinelink/siteInfoAction.do?siteId=19000 (last visited April 9, 2012).

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 9th day of April 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE